JOSEPH BERMAN, PROSECUTOR, v. MIKE LEVENSTEIN ET AL:, RESPONDENTS.

Submitted February term, 1931—Decided March 26, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Paul Rittenberg*.

For the defendants, *Frank G. Turner*.

PER CURIAM.

This is a workmen's compensation case and the question is solely one of fact. The main issue is whether on the 7th day of September, 1924, while the petitioner was working in a slaughter house belonging to one of the defendants and under the employment of another defendant, the brother of the first, he was injured while preparing a calf to be slaughtered, by the calf breaking away and treading upon the petitioner's right foot. This alleged injury, according to the testimony of a physician called for the petitioner and who treated him in the hospital, stirred up a latent disease known as Buerger's disease, which affects the blood vessels, and resulted later in gangrene, which required the amputation of petitioner's leg below the knee several months later.

The defense was, in substance, that no such accident occurred; that the petitioner had been suffering for years with a diseased foot which had been frozen sometime before, and that about six weeks after the alleged· accident he stumbled

over an obstruction in the sidewalk in Paterson at night because it was not properly lighted, and that this was the occurrence that stirred up the latent disease.

There were two hearings before Deputy Commissioner Goas. From his determination, it appears that there were several sessions in 1925, as the result of which he awarded judgment in favor of the respondents—first, because petitioner had failed "to establish by a preponderance of the evidence that the alleged injury claimed by him grew out of an accident arising out of and in the course of his employment," and also that no notice was given by the petitioner to the respondents of the alleged accident, and that the said alleged accident did not occur. Petitioner asked that the judgment be opened for rehearing and this was done. The finding of the commissioner recites that the judgment had been opened to give the petitioner every available opportunity of establishing by a preponderance of the evidence that he was injured in an accident arising out of and in the course of his employment, and again concluded that the petitioner was not injured as alleged, and also that no such notice was given, and that the amputation of the leg was not caused as a result of any accident arising out of and in the course of his employment. Accordingly, on July 29th, 1927, judgment was entered once more in favor of respondents and against the petitioner. The latter appealed to the Passaic Court of Common Pleas, which affirmed the judgment of the commissioner, and the matter is now before us on *certiorari*.

The deputy commissioner is entitled to a great deal of credit for the patience displayed by him in listening to the enormous mass of testimony, relevant and irrelevant, amounting in all to six hundred and thirty-seven pages, which has been sent up with the state of the case and which we have duly examined. As already stated, the main issue was whether any such accident occurred; the petitioner and his witnesses asserting it on the one hand, and the defendants and their witnesses denying it on the other. The petitioner produced, in the course of the testimony, a number of alleged eye-witnesses who, according to the claim of the defendants,

were not present at the time at all'; and this was one of the subordinate issues in the case. Although the petitioner claimed to have cried out at the time of the alleged injury and to have told his employer on the spot about it, and to have received first aid treatment at the time, all this was vigorously denied. Corroborative of the denial was the testimony of two reputable physicians to whom the petitioner went for treatment, the first, immediately after the date of the alleged accident, and the second, about a month later, both of whom testified that they found a diseased condition of the leg and inquired how it could have come about and petitioner told them that he had frozen his foot some years previously in the old country, and that he said nothing whatever about any accident at the slaughter house. Several witnesses for the defendants also testified at the second hearing that they had been approached by the petitioner, or some one for him, and requested to testify to having been present at the time, although they had not been, and that they had refused so to testify. A large portion of the testimony was devoted to lengthy cross-examination of petitioner's witnesses with a view of impeaching their credibility by conviction of crime, &c., with more or less success.

Apart from what we understand to be the rule applicable to this class of cases that when two independent and distinct tribunals, such as the labor bureau and the Court of Common Pleas, have examined the facts and heard the testimony, a conclusion reached by both of them should not be lightly disturbed by this court (*Mountain Ice Co.* v. *Durkin,* 144 *Atl. Rep.* 6; *affirmed,* 147 *Atl. Rep.* 451), our examination of the evidence leads us independently to the same conclusion as that reached by the subordinate tribunals; in particular that there was a manifest failure to prove by satisfactory evidence either that the accident occurred or that notice thereof was given in due course.

The judgment brought up will accordingly be affirmed, with costs.